| 52 | 363 |
|----|-----|
| 48e | 432 |
| 52 | 363 |
| 63 | 454 |
| 52 | 363 |
| 65e | 752 |

THE FIRST NATIONAL BANK OF CRANBURY, PROSECUTOR,.

v. F. A. DOHM.

Where a married woman purchases from her husband's creditor the debt owing by her husband and a third person, and gives her own note for the price, such note is not invalid as a promise to pay the debt of another, within the proviso of the fifth section of the Married Woman's. act. *Rev., p.* 636.

On *certiorari* to the Mercer Pleas.

The following facts were given in evidence by the defend-- ant, F. A. Dohm, in above case, on the hearing of said case on appeal by the Common Pleas on May 25th, 1888 :

The plaintiffs, holding a promissory note dated November 22d, 1886, made by G. A. Dohm to the order of Benjamin Gray, for $133.60, and payable three months after date,. endorsed by said Gray to plaintiffs, said note being dishonored and duly protested, brought suit thereon against G. A. Dohm alone before a justice of the peace of Monmouth county, New Jersey, and on August 6th, 1887, obtained a judgment, issued execution thereon and levied upon a line of stages and horses. attached, the same being then managed and driven by said G. A. Dohm, but claimed by said F. A. Dohm, wife of said G. A. Dohm.

Whereupon the said F. A. Dohm, defendant *in certiorari,.* claimed said goods as her own, and offered to pay said plaint- iff in execution, as soon as possible, said amount due on said, execution, if

*First.* The plaintiff would deliver to her the said note which Benjamin Gray endorsed to plaintiffs, dated November 22d,. 1886, at three months, for $133.60 ; and

*Second.* Would surrender at once the property then held by their execution and levy against G. A. Dohm.

*Third.* And would discontinue and cancel all proceedings. on their judgment obtained against G. A. Dohm.

Which offer was accepted and performed by the plaintiffs, and the said F. A. Dohm then paid the plaintiffs the sum of $29.86, in cash, and gave her note to them at three months for $120.

The defendant, F. A. Dohm, testified that all her property at Asbury Park and Princeton, both real and personal, was encumbered for more than its value, and that she was the wife of said G. A. Dohm on August 25th, 1887, when said agreement and note were made ; that there never was any assignment of the judgment first had by the plaintiffs against G. A. Dohm on August 6th, 1887.

The last named note given by F. A. Dohm to the plaintiffs on August 25th, 1887, for $120, at three months, being dishonored, the plaintiffs brought suit and recovered a judgment, as appears in the transcript sent up by the justice, Sering Shangle, in this cause.

The Court of Common Pleas ordered the state of demand to be amended so as to set forth the note sued on in this cause, and that the judgment against said F. A. Dohm be reversed, as appears by the rule entered in said cause.

Argued at November Term, 1889, before Justices KNAPP and DIXON.

For the prosecutor, *A. S. Appelget.*

The opinion of the court was delivered by

DIXON, J.    The question presented by the foregoing statement of facts is, whether the note given by Mrs. Dohm failed to bind her, upon the ground that it was a promise to pay the debt, or answer for the default or liability of another person, within the proviso of section 5 of our Married Woman's act. *Rev., p.* 636.

This clause of the proviso is, in substance, undistinguishable from one of the provisions of the statute of frauds, which requires a writing in order to charge a promisor to answer for the debt, default or miscarriage of another person, and should

receive the same construction. In applying this provision, two rules have been formulated, either of which would exclude the present transaction from the statute of frauds. One is, that if the defendant's promise was made upon a substantial consideration moving to himself, for his own use and advantage, it creates an enforceable obligation, although not reduced to writing; the other is, that where the effect of the new transaction is to extinguish the claim of the promisee against the original debtor, the statute is inapplicable. In support of these rules, it is enough to refer to *Browne Fraud,* §§ 193, 201, 210, and *Cowenhoven* v. *Howell,* 7 *Vroom* 323, and cases there cited.

In the bargain now under review, Mrs. Dohm, in effect, purchased from the bank the note of her husband endorsed by Gray and the judgment which had been entered thereon, and although no formal transfer of the judgment was made to her, she became the equitable owner of the same. This was a substantial benefit enuring to herself. By thus transferring to Mrs. Dohm the substantial title to the note and judgment, the bank also ceased to have any claim on the original contract against either Dohm or Gray, so that there was no debt, liability or possible default from any other person to the bank, to which Mrs. Dohm's promise could be collateral.

We, therefore, are of opinion, that Mrs. Dohm's note was not a promise to pay the debt or answer for the default or liability of another person, but was an original promise to pay the price of property purchased by her, and hence created a legal obligation. Consequently, the judgment of the Common Pleas should be reversed, and the judgment of the justice should be affirmed.