### DANIEL VLIET v. ISABELLA EASTBURN AND ROBERT EASTBURN, HER HUSBAND.

The negotiable note of a married woman given for the accommodation of the payee is void under *Gen. Stat.*, p. 2017, *pl.* 26, unless such married woman knowingly obtains therefor something of value for her own use or for the use, benefit or advantage of her separate estate. The note of the payee, given on condition that the same shall not be used, is not a thing of value under said statute.

---

On case certified from the Circuit Court of the county of Middlesex, as follows :

"A verdict for the plaintiff in the above-stated cause involves a finding of the following matters of fact, viz. : On November 14th, 1896, the defendants, husband and wife, made their promissory note (the wife signing first) to the order of Charles T. Cowenhoven for $2,480, payable in four months, and delivered the same to him on the understanding that he was to use the same as collateral for a loan. Cowenhoven gave in exchange his promissory note to the order of Isabella Eastburn for a like amount and term, with the understanding that the same was not to be used. He also paid to the defendants, or one of them, as a bonus, the sum of $80. The notes were partly renewed from time to time on the same conditions and with the same bonus at each renewal. The notes now outstanding were given December 6th, 1897, for four months, for $2,080 each. The plaintiff became a

*bona fide* holder for full value before maturity of one of the series of defendants' notes and is such holder of the note in suit.   At the time of the giving of the original notes Cowenhoven was reputed solvent and his note was of value.   Isabella Eastburn knowingly received a part of the bonus on one of the renewals.   On July 28th, 1898, Isabella Eastburn brought suit against Cowenhoven upon his last promissory note, among other claims.   At that time she did not know that plaintiff held the note in suit.   Cowenhoven filed a plea of the general issue, and the action is still pending.   The plaintiff subsequently brought the present suit.   The pleadings in this cause are sufficient to admit of a defence by Isabella Eastburn under the amendment of June 13th, 1895 (*Gen. Stat.*, *p.* 2017, ¶ 26), to section 5 of "An act to amend the law relating to the property of married women" (Revision), approved March 27th, 1874.   A rule to show cause why the said verdict should not be set aside and a new trial granted is now pending.   The advisory opinion of the Supreme Court is asked whether the rule to show cause should be made absolute or discharged—

" 1. If all the matters of fact above recited are consistent with the clear weight of the evidence.

" 2. If the clear weight of the evidence is that Isabella Eastburn did not knowingly receive any bonus, but, on occasion of one of the renewals, did ignorantly obtain for the advantage of her separate estate a part of the bonus paid.

" The foregoing case hereby made and stated as one of doubt and difficulty is certified to be argued at the bar of the Supreme Court.

" GILBERT COLLINS,
"*Judge.*

" Dated January 7th, 1899."

Before MAGIE, CHIEF JUSTICE, and Justices GARRISON, LIPPINCOTT and COLLINS.

For the plaintiff, *John S. Voorhees.*

For the defendants, *Henry M. T. Beekman.*

The opinion of the court was delivered by

COLLINS, J.    As, at common law, a married woman could make no contract legally enforceable, her promissory note was altogether void. *Dan. Neg. Inst.*, § 240; 4 *Am. & Eng. Encycl. L.* 348.    The present enabling act reads as follows:

"That any married woman shall, after the passing of this act, have the right to bind herself by contract with any person in the same manner and to the same extent as though she were unmarried, which contract shall be legal and obligatory, and may be enforced at law or in equity, by or against such married woman, in her own name, apart from her husband ; *provided,* that nothing herein shall enable such married woman to become an accommodation endorser, guarantor or surety, nor shall she be liable on any promise to pay the debt, or answer for the default or liability of any other person ; *provided further, however,* that if on the faith of any endorsement, contract of guaranty or suretyship, promise to pay the debt or to answer for the default or liability of any other person, any married woman obtains directly or indirectly any money, property or other thing of value, for her own use, or for the use, benefit or advantage of her separate estate, she shall be liable thereon as though she were unmarried, anything herein contained to the contrary notwithstanding." *Gen. Stat., p.* 2017, *pl.* 26.

Under the proviso annexed to this grant of power, contracts of suretyship still remain void.    It is not necessary to their avoidance that they should be such in form if they are such in fact.    In *Anthony* v. *Fritts,* 16 *Vroom* 1, it was held that if a party contracts in form as a principal he may nevertheless show that he is really a surety and may claim the privileges of a surety, though only in a forum administering equitable remedies.    Of course, if such a contract is void it is unenforceable in any forum.    In *Van Deventer* v. *Van Deventer,* 17 *Vroom* 460, this court held that on a joint note given by husband and wife, for the husband's debt, the wife must be regarded as a surety and that the note was void as to her. A note made or endorsed by a married woman for the accom-

modation of another person must fall within the same category. In referring to the *status* of an accommodation maker of a promissory note, Chief Justice Beasley, who revised the Married Women's act and inserted the section now *sub judice*, expressly calls it that of surety. *Jackson* v. *First National Bank*, 13 *Id.* 177, 179. That the proviso in terms excepts, from the privileges of the grant, that of being an "accommodation endorser," and is silent as to an accommodation maker, is not significant. That exception is supererogatory. The form of suretyship is immaterial.

It is quite plain from the certified case that the defendants' note was given for Mr. Cowenhoven's accommodation. Whether a married woman may make a valid exchange of notes with her payee, each promise forming the consideration for the other, should not be now decided. In such a case the married woman would have bettered her position over that of an accommodation maker in that she could bring suit against the payee before she had paid her own note. This advantage is, however, denied to her in the case now certified, by the circumstance that the married woman was not to use the note she had taken. Such an agreement though oral is valid and would be admissible in evidence. It does not tend to vary the written contract, but merely to limit its availability. As between the immediate parties to a promissory note, its real character may always be shown. If the payee sues upon it, it may be proved that the note was really given for his accommodation. *Messmore* v. *Meyer*, 27 *Vroom* 31. So, too, a misappropriation by the payee of an accommodation note given for a particular purpose may be shown as against an endorsee with notice. *Duncan* v. *Gilbert*, 5 *Dutcher* 521; *Jackson* v. *First National Bank, ubi supra.* Whether an exchange of notes is intended to make one a consideration for the other, is a question of the intent of the parties. *Williams* v. *Banks*, 11 *Md.* 198. It follows that in a suit on Mr. Cowenhoven's note he could show that it was given on an agreement that it should not be used. It was in effect a memorandum for Mrs. Eastburn's protection. Being such

her suit on it did not put life into her own note or give the holder of that note any greater right than he acquired by his purchase.

The bonus recited in the certified case, if knowingly received, falls within the proviso to the proviso of the statute. The married woman, and not the courts, must measure the adequacy of the consideration of her contract. *Perkins* v. *Elliott*, 8 *C. E. Gr.* 526 ; *Bank* v. *Dohm*, 23 *Vroom* 363 ; *Staats* v. *Van Sickle, Id.* 370 ; *Beberdick* v. *Crevier*, 31 *Id.* 389. We think, however, that an advantage to the separate estate of a married woman, if ignorantly obtained, is not sufficient to render her liable on a contract otherwise void. The statute implies conscious action on her part. If, for illustration, in the case at hand, Robert Eastburn received the bonus, his deposit without the knowledge of his wife of a part of it in his wife's bank account, would have no effect.

There remains to consider whether the plaintiff's position of *bona fide* purchaser of the note in suit, without knowledge of its invalidity, will give him any advantage he otherwise would not have. We think not. A void note is no better in the hands of a *bona fide* endorsee for value than in the hands of the payee. There may, of course, be an estoppel by acts and representations; and Vice Chancellor Pitney seems to hold, *obiter*, in *Hackettstown National Bank* v. *Ming*, 7 *Dick. Ch. Rep.* 156, that such an estoppel may arise from the simple issue of a note. No adjudged case cited by him so declares, and to so hold would not comport with well-recognized principles. The most that can be argued from the existing statute is that a married woman's contract is presumptively good if in form an original promise ; but when the facts are proved, they must, in the absence of fraud or misrepresentation, prevail, even over one who succeeds *bona fide* to the contract. The ordinary rules of the law merchant are not applicable to the promissory notes of persons having only a qualified capacity. For example, the note of an infant is good if given for necessaries (*Dan. Neg. Inst.*, § 226) ; but the holder of the one not so given, although an endorsee for value and

without notice of the infancy, has no protection from the law merchant. Neither has such an endorsee of a note that a married woman makes as surety.

The Circuit Court is advised, upon the second assumption of the certified case, to make absolute the rule to show cause as to Isabella Eastburn; and on the first assumption, to discharge it.