## DANIEL MESSMORE v. SIEGMUND T. MEYER ET AL.

Plaintiff was a creditor of one Simmons and held S.'s note for $7,500, which was past due. Plaintiff informed S. that he would not extend payment of the indebtedness except upon an obligation of defendants. S. applied to defendants and requested them to make their note for that amount, to the order of plaintiff, for the accommodation of plaintiff and himself. Defendants consented and made the note in suit,

which they delivered to S., taking from him a receipt which stated that the note was for the accommodation of plaintiff and S.   S. delivered the note to plaintiff, who promised to surrender to S. his overdue note.   Afterwards plaintiff endorsed the last-named note, "Paid by a new note," but never delivered it to S.   *Held* that, as between plaintiff and defendants, the note in suit was accommodation paper, and a finding by a judge trying the case without jury, in favor of defendants, was proper.

On rule to show cause, &c.

The declaration was upon a promissory note dated February 13th, 1890, made by Siegmund T. Meyer & Co., a firm composed of defendants, to plaintiff's order, for $7,500, payable in five months, with interest.

The plea was the general issue.

Argued at June Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and GARRISON.

For the plaintiff, *Blair & Crouse.*

For the defendants, *Richard V. Lindabury.*

The opinion of the court was delivered by

MAGIE, J.   The issue in this cause was tried in the Hudson Circuit, before Mr. Justice Werts, without a jury.

The learned judge found in favor of the defendants, but the finding did not specially state the facts adjudged to have been proven or the legal principles applied thereto.

Under such circumstances the question, upon a rule to show cause, is whether, upon any view of the facts justified by the evidence, the finding is correct in law.

The facts which may have been found to be established by the evidence are that the note in suit was made by defendants on April 22d, 1890 ; that they were not then indebted to plaintiff, but made the note at the request of one Simmons for the accommodation of plaintiff and Simmons ; that they were not then indebted to Simmons, but delivered the note to him,

taking from him a receipt which stated that it was made for accommodation of plaintiff and Simmons; that at that time Simmons owed plaintiff $7,500, for which plaintiff held his overdue note; that plaintiff had told Simmons that he would not extend the payment of his overdue debt, except upon a note of defendants; that Simmons delivered the note in suit to plaintiff, who promised to discharge and surrender to Simmons his overdue note, and that afterwards plaintiff endorsed on the last-named note the words, " Paid by a new note," but never surrendered it to Simmons.

Upon these circumstances the first question is whether the note in suit, as between plaintiff and defendants, is mere accommodation paper or commercial paper importing an obligation which plaintiff may enforce.

Had this note been made payable to Simmons' order, and had plaintiff obtained it from him by endorsement in good faith and for value, a different question would arise, in respect to which no opinion need be expressed.

But it was made payable to plaintiff's order, and it came into legal existence either when defendants delivered it to Simmons or when Simmons delivered it to the plaintiff.

If the delivery of the note by defendants to Simmons gave it existence, it is obvious that Simmons was the agent of plaintiff to accept delivery. Plaintiff was therefore bound by his acceptance, which was for the accommodation of himself and Simmons.

If the delivery of the note by Simmons to plaintiff gave it existence, then Simmons was the agent of defendants. He was not, however, a general agent, but a special agent, entrusted with the note to deliver to plaintiff as an accommodation to him and Simmons. His authority was thus limited, and no representations of Simmons could enlarge that authority. As the note was made payable to plaintiff, to whom defendants were not indebted at all, the possession of it did not tend to hold out Simmons as possessed of greater authority than that actually conferred upon him.

In either view plaintiff must be considered as having taken the note for his accommodation, and therefore he acquired no right of action thereon against defendants.

It is unnecessary to determine what plaintiff's right would have been had defendants made this note for an indebtedness due from them to Simmons or as an accommodation to Simmons alone.

The conclusion reached sustains the finding, and we need not consider any of the other matters argued.

The rule must be discharged