*50 Vroom.*          Morris County Brick Co. v. Austin.

---

MORRIS COUNTY BRICK COMPANY v. IRVING AUSTIN.

Submitted December 3, 1909—Decided February 21, 1910.

1. The defendant, at plaintiff's request, endorsed, after its delivery,
   a note of Virgil, payable to the order of the plaintiff, in order
   that the plaintiff might have the note discounted, and upon its
   promise to pay him a portion of the proceeds for a debt then due
   him; this payment was afterwards made. *Held,* that it was a
   question for the jury whether the defendant was not, as between
   himself and the plaintiff, an accommodation endorser.
2. Section 29 of the Negotiable Instruments act enacts that an
   accommodation party is one who has signed the instrument as
   maker, drawer, acceptor or endorser, without receiving value
   therefor, and for the purpose of lending his name to some other
   person. *Held,* that the words "value therefor" mean value for
   the negotiable instrument. not value for the loan of the name.
3. The promise to pay an already existing debt or the actual pay-
   ment thereof is not "value" within the meaning of section 29
   of the Negotiable Instruments act.

---

On appeal from Orange District Court.

This is a suit on a promissory note dated June 9th, 1908, made by Virgil to the order of the plaintiff for the purchase price of bricks sold him through Austin, who was entitled to a commission upon the sale. Austin endorsed the note under the following circumstances: Upon his demand for payment of his commission, the plaintiff refused to pay until the bricks were paid for by Virgil, unless Austin would endorse the note; Austin thereupon endorsed the note, and was paid his commission. The note was discounted at the bank, but was not paid at maturity and Austin's liability was fixed by due notice of dishonor. An attempt was made to renew by a like note for three months, but the bank refused. Thereupon Virgil gave two notes, one for $100 at one month, and one for the balance at two months, which were used by the plaintiff to meet an obligation; these notes were not endorsed by Austin. The trial judge directed a verdict for the plaintiff for the full amount.

Before Justices SWAYZE, TRENCHARD and PARKER.

For the plaintiff and respondent, *William A. Lord.*

For the defendant and appellant, *Edward L. Davis.*

The opinion of the court was delivered by

SWAYZE, J. Under section 63 of the Negotiable Instruments act (*Pamph. L.* 1902, *p.* 594), the defendant is deemed to be an endorser. Section 64, which defines the liability of an endorser, is not applicable to this case, since it applies only to one who signs in blank before delivery. Section 65 applies only to a person negotiating an instrument and this the defendant did not do. The liability of an endorser under section 66 is only to subsequent holders. The present plaintiff is a prior, not a subsequent, holder. Independently of the statute, the contract of the defendant with a subsequent holder would have been that of a second endorser. *Hayden* v. *Weldon,* 14 *Vroom* 128.

It was open to the jury to believe the testimony of the defendant that he endorsed the note to enable the company to get it discounted, and thereby raise cash out of which they would pay his commission. From this it was proper to infer that Austin was an accommodation party (*Vliet* v. *Eastburn,* 35 *Vroom* 627), and this is true notwithstanding the language of section 29 of the act, which defines an accommodation party as one who has signed the instrument as maker, drawer, acceptor, or endorser, without receiving value therefor. This language has been criticised by Dean Ames, 14 *Harv. L. Rev.* 248, and if it must be construed to mean that one who loans his name to another upon a negotiable instrument and receives payment for the accommodation, loses, as to that person, the right of an accommodation party, it would be subject to very just criticism; since such a construction would deprive an accommodation maker of his rights, as against the person accommodated, if he had received any consideration, however slight. A careful reading of the section shows that this construction is not necessary. The words are not "without receiving value," but "without receiving value therefor." The structure of the sentence is such that the last word can only refer to the negotiable instrument itself, not to the loan of the name by way of accommodation. This view was suggested by Mr. McKeehan in 41 *Am. L. Reg.* 499, 561 (reprinted in *Brannan on the Negotiable Instruments Act,* at *p.* 133). In this case, moreover, Austin did not receive value in any sense. What he secured was the payment, out of the proceeds of the discounted note, of the commission due him. That was only the payment of a prior debt, not the giving of value for Austin's endorsement. The value received, within the meaning of section 29, must precede or be contemporaneous with the obligation upon the note; otherwise the party would be an accommodation party when the note was given and would cease to be such when the subsequent payment was made him. Nor can the promise to pay the commission out of the proceeds of the note, as distinct from the actual payment, constitute value for the endorsement, for that promise was merely one to perform

an existing legal obligation, and was therefore without consideration. If the jury found that Austin was an accommodation party they would necessarily find that the plaintiff was the party accommodated, for no one else was concerned; the maker had nothing to do with the arrangement. If Austin loaned his name to the plaintiff corporation, it acquired no right of action against him. *Messmore* v. *Meyer,* 27 *Vroom* 31.

Although, under section 63, he is to be deemed an endorser, it does not follow that he is the first endorser. *Prima facie* he was only the second endorser, since it was necessary for the plaintiff, the payee, to endorse before the note could be discounted by the bank (*Negotiable Instruments Act,* § 68), and prior to the enactment of that section it would not have been open to the plaintiff to prove to the contrary. *Johnson* v. *Ramsey,* 14 *Vroom* 279. As second endorser, the defendant would not be liable to the first endorser in the absence of an express agreement, and even such an express agreement would not be enforceable unless made upon a good consideration. As I have already said, there was no consideration for such an agreement between the plaintiff and defendant.

A jury question was presented and it was error to direct a verdict for the plaintiff. The judgment must therefore be reversed and the record remitted for a new trial.

In view of this necessity, it may be well to call attention to other questions presented by the case.

Whatever Austin's contract was, he was not primarily liable. Virgil was the principal debtor; Austin's liability was only secondary and he was discharged by an agreement binding upon the plaintiff to extend the time of payment, or to postpone its right to enforce the instrument, unless made with Austin's assent, or unless the right of recourse was expressly reserved. It may be a jury question whether the two new notes were not taken as payment. If they were, that extinguishes Austin's liability on the note in suit. If they were not, the right of action against Virgil was postponed (*Solomon* ads. *Gregory,* 4 *Harr.* 112; *Croydon Commercial*

*Gas Co.* v. *Dickinson, L. R.,* 2 *C. P. D.* 46; *Appleton* v. *Parker,* 15 *Gray* 173), and the mere retention of the note in suit was certainly not an express reservation of the right of recourse against Austin; but the fact that Austin had endorsed a note for renewal which extended the time for a longer period than the notes actually taken, is evidence of assent on his part to the extension, which, unexplained, would bar the defence. *Solomon* ads. *Gregory,* 4 *Harr.* 112.