FIRST NATIONAL BANK OF ROSELLE, PLAINTIFF-RE-
SPONDENT, v. JOHN F. DORVALL, DEFENDANT-
APPELLANT.

Submitted March 27, 1916—Decided June 19, 1916.

1. Where one makes a promissory note payable to his own order
for the accommodation of another, and endorses it to the person
for whose accommodation it was made, the maker may, in an
action by such accommodation holder, set up a failure of
consideration.

2. If, in an action on a promissory note against the maker, there
is evidence to show that the note was made for the accommo-
dation of one not a party to the note, the proceeds, however, to
be used to redeem his property, and not for the accommodation
of the holder who advances the money, a finding by the trial
court in accordance with such testimony will not be reversed
on appeal because there is contrary evidence tending to show
that the note was made and delivered for the accommodation of
the holder, for the weight of the testimony is not subject to
review on appeal.

On appeal from the Supreme Court.

For the respondent, *Nathan R. Leavitt.*

For the appellant, *David S. Feinswog.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff brought his action in the District
Court of the city of Elizabeth to recover the principal and
interest of a promissory note made by the defendant to his
own order for $450 and interest, payable at the banking
house of the plaintiff. The defendant endorsed the note
which was delivered to the plaintiff. The consideration for
this note was a check drawn by the cashier of the plaintiff
against the funds of the plaintiff to the order of the defendant,
which the latter endorsed to the sheriff of the county of Union
on account of a bid for the property of one L. A. Deitz at a

foreclosure sale thereof. The sale was not consummated and the sheriff was required to again offer it for sale, and on the re-sale the property did not realize enough to pay the indebtedness, and the $150 paid at the first sale was forfeited.

The defence set up at the trial was, that the cashier of the plaintiff, acting on its behalf, induced the defendant to sign the note as an accommodation for the bank upon a promise that defendant would never be asked to pay it; that the cashier represented to defendant that the bank desired to buy the property of Deitz in order to save it from loss on obligations of Deitz held by it, and as the bank did not wish to take the title in its name, the defendant was requested to act for the bank and hold the title for it, and that the note was given as a mere memorandum of the amount which the bank had advanced towards the bid, and that defendant was to hold the property until the bank could dispose of it, or until the note was paid. There was evidence tending to show that the making of the note and its endorsement to the bank was for the accommodation of Deitz and not for the bank. The District Court determined that the note was made for the accommodation of Deitz and not, as the defendant claims, for the bank. There is evidence to sustain this finding and therefore the defence set up by the defendant, if available, depended upon a question of fact, and the trial court having found adversely to the defendant on the controverted question, this court will not review the conclusion of the trial court on the question of fact where there is some evidence to sustain it.

The Supreme Court on appeal from the District Court affirmed the judgment. This result, we are of opinion, is justified by the record, but we do not approve the reason upon which the Supreme Court rested its judgment, which was, "that the rights and obligations of the endorser of a negotiable promissory note cannot be varied by parol testimony of his oral agreement made before or at the time of his endorsing the note." We do not question the legal rule stated, but it is not applicable to the facts in this case where the defendant is the maker of the note, and his defence is want of con-

sideration. If it be true that the bank, assuming that the cashier had authority to bind it, induced the plaintiff to give the note as an accommodation for it, and the cashier's check was used to pay the indebtedness of the bank on account of a bid for the property which in fact it was purchasing in the name of the defendant, no consideration passed from the bank to the maker of the note, and if these facts were undisputed, the plaintiff could not recover on the note. The Supreme Court relied upon *Foley* v. *Emerald Brewing Co.,* 61 *N. J. L.* 428. In that case the endorser defended upon the ground that plaintiff, the holder of the note, had agreed with the endorser that he would accept a partial payment weekly from the maker until the note was paid, and it was there held that proof of the extension of the time for payment, contrary to the tenor of the note, was not admissible, but this is not applicable to a case between the maker and the holder where the note is made for the accommodation of the holder.

The judgment will be affirmed upon the ground that there was evidence supporting the finding that the note was made for the accommodation of Deitz, a friend of the maker, who had been at that time adjudged a bankrupt, and was trying to save his property.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, BLACK, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 13.

*For reversal*—None.