## No. 9912.

### THE McGHEE INVESTMENT CO. v. KIRSHER.

Decided January 9, 1922. Rehearing denied March 6, 1922.

Action for damages and the cancellation of a promissory note. Judgment for defendant on his counterclaim.

### *Affirmed.*

1. BILLS AND NOTES—*Promissory Note—Accommodation Party.* One who executes a note for the purpose of obtaining money for another, and who receives no part of the fund for his personal use, the entire amount going to the accommodated party, is an "accommodation party" as defined by section 4492, R. S. 1908.

2. APPEAL AND ERROR—*Instructed Verdict.* Where both parties to litigation move for a directed verdict, neither can complain because the case was not submitted to the jury on the facts.

3. *Judgment Non Obstante.* The contention that the trial court erred in not granting a motion for judgment *non obstante veredicto*, considered and overruled.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Messrs. PERSHING, NYE, FRY & TALLMADGE, Mr. ROBERT G. BOSWORTH, for plaintiff in error.

Messrs. DANA, BLOUNT & SILVERSTEIN, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THE plaintiff below, The McGhee Investment Company, brought an action against the defendant, W. J. Kirsher, for damages for failure to return certain stock delivered as collateral security for a note, and to cancel the note, giving defendant credit for the principal and interest thereof. With reference to the transactions which gave

rise to the plaintiff's alleged cause of action, the defendant filed an answer and counterclaim. The defendant obtained judgment on his counterclaim. The plaintiff brings the cause here for review.

Error is assigned to the court's denying plaintiff's motion for a directed verdict in favor of plaintiff on its complaint, but the entire argument goes to the court's rulings with reference to the defendant's counterclaim. Error is assigned, and the assignment is argued, that the court erred in sustaining defendant's motion for a directed verdict on the counterclaim.

The first contention is that "defendant was not an accommodation party." The question is material because the defendant in his counterclaim alleges, in substance, that for the accommodation of plaintiff he executed a note to The Pioneer State Bank in the sum of $5,000, and seeks to be indemnified by plaintiff in the amount he was compelled to pay thereon.

An "accommodation party" is defined in the Negotiable Instruments Act, particularly by section 4492 R. S. 1908, as follows:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. * * * "

The contention, above mentioned, when argued, relates only to the question whether defendant, in signing the note for $5,000 to the bank, did so "without receiving value therefor."

The term "value" as used in the Act, relates to value for the negotiable instrument and not to the loan of the name by way of accommodation. 8 C. J. 253, sec. 398.

Plaintiff contends that defendant received value for the note because out of the $5,000 received from the bank he retained, for a short time, the sum of $500, intermingled with his own funds. This fact when taken in connection with attendant circumstances does not sustain the plaintiff's contention. The plaintiff gave to defendant certifi-

cates representing 35,000 shares of stock in a certain concern, for the purpose of depositing them with the bank, and obtaining a loan thereon in the name of defendant but to be used by plaintiff. Defendant obtained a loan of $5,000. Plaintiff then asked him to "turn over $4,500 to him (plaintiff) and leave $500 in the bank." Plaintiff could not obtain any loan from the bank on the stock, and that was the reason why defendant was induced to do so. The $500 was left in the bank, not for the benefit of defendant, but for the purpose of making it appear to the bank that plaintiff was not concerned in the transaction. The $500 was afterwards paid out on behalf of the plaintiff for various purposes and at its direction. Defendant used none of that money for his own purposes, and it was not contemplated by the parties that he should do so. It was treated by both parties as plaintiff's money from the very moment it was received from the bank, or credit therefor given by the bank. The trial court correctly held that defendant was an accommodation maker.

The next contention is stated as follows: "In any event there were certain clear cut questions of fact for the determination of the jury."

The conflict in the evidence was upon immaterial matters, but if the situation were otherwise, which may be assumed, there was no error of which plaintiff can complain. Both parties moved for a directed verdict, and neither can now insist, that the case should have gone to the jury. *O'Brien v. Galley-Stockton Shoe Co.*, 65 Colo. 70, 173 Pac. 544; *Saxton v. Perry*, 47 Colo. 263, 268, 107 Pac. 281.

The last contention of plaintiff in error is that the court erred in overruling plaintiff's motion for judgment notwithstanding the verdict. We find no merit in the contention.

The counterclaim above considered is referred to in the record and in the argument as the "fourth counterclaim." The defendant interposed three other counterclaims. The court granted plaintiff's motion for non-suit as to the first,

and sustained motions of plaintiff for directed verdicts as to the second and third, respectively. The rulings as to each of the three causes of action, or counterclaims, are assigned as cross-error by defendant.

These three additional counterclaims involve transactions other than the one treated in the "fourth counterclaim." We have examined the pleadings and the evidence as abstracted, and find no reversible error in the record.

The judgment is affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE DENISON concur.