NATHAN H. GRUBER *vs.* HARRY KLEIN ET AL.

First Judicial District, Hartford, January Term, 1925.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

Section 29 of the Negotiable Instruments Act (General Statutes, §4387) defines an accommodation party as "one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person." *Held* that the words "value therefor" should be construed to mean value for the negotiable instrument, not value for the loan of the name.

A promise by the maker of a note to apply the proceeds to the payment of an existing debt affords no consideration for the indorsement of the note by the one to whom the debt is due.

As a general rule, an accommodation indorser has the same right to contest a usurious note as the maker.

Argued January 9th—decided February 23d, 1925.

ACTION by the payee against the maker and indorsers of a promissory note to recover the amount thereof, brought to the Superior Court in Hartford County and tried to the court, *Wolfe, J.;* judgment rendered for the plaintiff to recover $1,060 from the defendant indorsers, and appeal by defendant Klein. *Error; judgment to be entered for the defendant Klein.*

Friedman was indebted to defendant Klein for work then being done for him, and promised Klein that if he would indorse the note in suit for $1,000, he would from the proceeds of the negotiation of the same make payment to Klein on account of such indebtedness so

as to enable Klein to help meet his pay-roll. Friedman received the proceeds of the note, but paid no part of it to Klein. The note was dated August 23d, 1923, and executed by Friedman, the maker, and Klein and Raphael, the indorsers, and thereafter delivered to plaintiff Gruber, the payee, by which Friedman promised to pay to order of plaintiff $1,000, six months after date, for value received. Friedman received from plaintiff $880 for such note at the time of its delivery. The plaintiff never met nor had any negotiations with either of the defendant indorsers, Raphael or Klein, nor did he know of the promise made by Friedman to Klein. Subsequent to the bringing of this action, defendant Friedman was adjudged a bankrupt and plaintiff asked for no judgment against him.

The court reached the following conclusions: (a) that the defense of usury was not available as a defense to the defendant indorsers; (b) that said note was duly presented for payment, and due notice of dishonor given to such defendants; and on September 9th, 1924, rendered judgment in favor of plaintiff to recover of defendants $1,060 damages:

Defendant Klein upon the trial claimed: (1) That he did not receive proper notice of the dishonor of the note; (2) that the notice of dishonor given by the United States Security Trust Company on February 25th, 1924, was not a proper notice to hold him as indorser; (3) that he was entitled to avail himself of the defense of usury.

*Frank Covello,* with whom, on the brief, was *Francis A. Pallotti,* for the appellant (defendant Klein).

*Nathan O. Freedman,* with whom was *Frank A. Murphy,* for the appellee (plaintiff).

WHEELER, C. J. General Statutes, § 4387, being § 29 of the Negotiable Instruments Law, provides: "An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person." Klein signed the note upon which the plaintiff, the payee of the note, brings this action, as an indorser. "Without receiving value," as used in this section, means without receiving value for the note, and not without receiving any consideration for lending his name. *Morris County Brick Co.* v. *Austin,* 79 N. J. L. 273, 275, 75 Atl. 550; *McGhee Inv. Co.* v. *Kirsher,* 71 Colo. 137, 204 Pac. 891; Brannan's Negotiable Instruments Law (3d Ed.), pp. 115, 119. Moreover, the only consideration for his indorsement was the promise of Friedman that he would pay Klein a debt which he owed him from the proceeds of the negotiation of a note made by him and indorsed by Klein. The promise to pay one's debt cannot be regarded as a consideration to him for his indorsement of a note made by the debtor who promises the indorser to pay his debt with the proceeds of the negotiation of the note. If he obtained the proceeds of the note, he would obtain only what was already owing him, and a promise to pay a prior debt cannot be held to be the giving of value for the indorsement. " 'The value received', within the meaning of § 29 [§ 4387], must precede or be contemporaneous with the obligation upon the note; otherwise the party would be an accommodation party when the note was given and would cease to be such when the subsequent payment was made him. Nor can the promise to pay the commission out of the proceeds of the note, as distinct from the actual payment, constitute value for the endorsement, for that promise was merely one

to perform an existing legal obligation, and was therefore without consideration." *Morris County Brick Co.* v. *Austin,* 79 N. J. L. 273, 275, 75 Atl. 550.

Klein was therefore an accommodation indorser. Gruber, the payee, charged Friedman, the maker of the note, a usurious rate of interest, and in addition interest upon the note from its date, although by its terms none was due until six months thereafter. This was done in violation of General Statutes, § 4798, and under § 4802, no action could be brought on any such loan, or upon any cause arising from the negotiation of such loan. The sole question for decision upon this appeal is whether Klein, an accommodation indorser, can take advantage of the defense of usury. The learned trial judge relied upon his interpretation of our opinion in *Baggish* v. *Offengand,* 97 Conn. 555, 116 Atl. 614, and had not had the opportunity of seeing the opinion in *Contino* v. *Turello,* 101 Conn. 312, 126 Atl. 725, in which we held that, "as a general rule, the accommodation indorser has the same right to contest a usurious note as the maker." We find nothing in the facts surrounding this transaction which would prevent Klein from availing himself of his defense of usury.

There is error, the judgment is reversed and the Superior Court directed to render judgment for the defendant.

In this opinion the other judges concurred, except KELLOGG, J., who concurred in the result, but died before the opinion was written.