## CARR v. WAINWRIGHT.

No. 4258.

Circuit Court of Appeals, Third Circuit.

Aug. 26, 1930.

McCarter & English, of Newark, N. J. (Geo. W. C. McCarter, of Newark, N. J., of counsel), for appellant.

Edward F. Merrey, of Paterson, N. J., for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and JOHNSON, District Judge.

DAVIS, Circuit Judge.

This is an appeal from a judgment entered against the appellant, who was defendant below, upon the verdict of a jury for $20,005.12.

The suit was brought by Cecil C. Wainwright against Charles Carr on two notes for $8,889 each. On one of the notes, however, there was indorsed a credit of $1,667. It ap-

pears that the two notes in suit, with another for $8,889 (all of which were made payable to the order of the plaintiff), were made November 2, 1925, by the corporation of Charles Carr, Inc., of which the defendant was president, and were given in part payment for land which the corporation had purchased from Wainwright, who tried to negotiate the notes, but had not been able to do so. He thought that, if the defendant would indorse them and make himself personally liable for their payment, he could negotiate them. Wainwright agreed to pay Carr $1,667 for his indorsement by crediting that amount on one of the notes as having been received by him. Carr indorsed them on February 20, 1926. It does not appear, however, that he ever actually received $1,667 or any other sum for the indorsement. Wainwright was apparently unable to sell the notes and brought this suit against Carr on two of them.

The facts as stated above are, in substance, the plaintiff's testimony, which differs somewhat from the defendant's.

Carr defended on the ground that he was an accommodation indorser, and, under the facts and the law, the plaintiff, the accommodated party, could not maintain the suit against him. The question, therefore, on which the case depends, is whether or not the facts as stated constitute Carr an accommodation indorser.

At the close of the plaintiff's case, the defendant moved for a nonsuit, but the trial judge denied this. When all the testimony was in, he moved for a directed verdict, but this motion was likewise denied.

▇ Section 29 of the Uniform Negotiable Instruments Law in effect in both New Jersey (3 Comp. St. N. J. 1910, p. 3738, § 29); where the defendant resides, and Florida (Laws Fla. 1897, c. 4524, § 29), where the plaintiff resides, provides that: "Liability of Accommodation Party. An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

The question depends upon what the antecedent of the word "therefor" in the phrase, "without receiving value therefor," is. The plaintiff contends that it refers to the indorsement of the accommodation party, while the defendant says it refers to the word "instrument." If the plaintiff's contention is correct, the case should have been submitted to the jury and the judgment entered upon its verdict should stand. If, on the contrary, "therefor" refers to "instrument," a verdict should have been directed for the defendant.

If this section means that a person who loans his name to another and receives any consideration, however slight, for doing so, loses, as to that person, the right of an accommodation party, the language is unhappily chosen and is subject to just criticism. 14 Harvard Law Review, 248. Mr. Justice Swayze, speaking for the Supreme Court of New Jersey, in the case of Morris County Brick Co. v. Austin, 79 N. J. Law, 273, 275, 75 A. 550, 551, said: "A careful reading of the section shows that this construction [that the words, 'value therefor,' refer to the loan of one's name on a negotiable instrument] is not necessary. The words are not 'without receiving value,' but 'without receiving value therefor.' The structure of the sentence is such that the last word can only refer to the negotiable instrument itself, not to the loan of the name by way of accommodation. This view was suggested by Mr. McKeehan in 41 American Law Register, 499, 561. * * * If Austin loaned his name to the plaintiff corporation, it acquired no right of action against him. Messmore v. Meyer, 56 N. J. Law (27 Vroom) 31, 27 A. 938." Chief Justice Wheeler, speaking for the Supreme Court of Connecticut (Gruber v. Klein, 102 Conn. 34, 127 A. 907, 908), where section 29 of the Uniform Negotiable Instruments Law is in force, said: "'Without receiving value,' as used in this section, means without receiving value for the note and not without receiving any consideration for lending his name. Morris County Brick Co. v. Austin, 79 N. J. Law, 273, 275, 75 A. 550; McGhee Inv. Co. v. Kirsher, 71 Colo. 137, 204 P. 891; Brannan's Negotiable Instruments Law, p. 37."

The word "instrument" is the natural antecedent of the word "therefor." It either refers to instrument or "one who has signed —as maker, drawer, acceptor or endorser." If the words, "without receiving value therefor" do not refer to the "instrument," they refer to indorsement, but the word "indorsement" is not used in this section, and the words "for the loan of his name" are not used antecedently to the word "therefor." If "instrument" is not the antecedent of "therefor," there is no single word that is, and, in order to make out an antecedent, words must be supplied in stating exactly

what the antecedent is. It therefore seems that both reason and authority justify the conclusion that the words "without receiving value therefor" mean without receiving value for the instrument, and not for the endorsement.

The defendant owned 30 per cent. of the stock of Charles Carr, Inc., the maker of the notes. But that fact has no bearing on the case, for a corporation is a legal entity, separate and distinct from its stockholders, directors, and officers. If they lend their individual credit to the corporation of which they are members, by indorsing negotiable paper, they are entitled to the same rights and immunities as are third parties who indorse but who are not connected with the corporation. McDonald v. Luckenbach, 170 F. 434 (C. C. A. 3).

This is a suit by the plaintiff, the accommodated party, against the defendant, the accommodating party. It is well settled that the accommodated party cannot maintain a suit against his accommodation indorser. Messmore v. Meyer, 56 N. J. Law, 31, 27 A. 938; First National Bank of Roselle v. Dorvall, 89 N. J. Law, 298, 98 A. 476.

The notes were made payable to the order of the plaintiff and so could not be negotiated without his indorsement. Accordingly, he was the first indorser, and the defendant, second indorser, in the absence of express agreement, is not liable to the first endorser. Morris County Brick Co. v. Austin, supra.

Under the evidence and the law in this case, the jury could not find that the defendant received value for the notes. He was, therefore, an accommodation indorser, and the plaintiff, the accommodated party, could not maintain the suit against him. There was nothing to submit to the jury. A verdict should have been directed. Therefore the judgment is reversed, and a new trial granted.