**FELKER v. THOMAS et al.**

No. 3240.

Court of Civil Appeals of Texas. El Paso.
June 6, 1935.

cross-action were sustained, and judgment rendered upon the notes with foreclosure of the lien. Recovery upon the cross-action was denied.

In the amended answer and trial amendment it is alleged:

"Defendant would further show to the Court that prior to the 16th day of December, 1929, one P. H. Driskill was engaged in operating a saw mill near the land upon which the lien is sought to be foreclosed in this suit, that the said Driskill was desirous of purchasing the timber on said tract of land and that the defendant herein desired to purchase the tract of land.

"That just prior to the execution of the notes sued on and which are described in Plaintiff's petition, a contract and agreement was made by and between the said P. H. Driskill and this defendant, Marshall Felker, wherein it was agreed that the said P. H. Driskill was to have all the growing pine timber on said land except the pole timber and the defendant was to have the land; it was further agreed and contracted that the said Driskill was to pay the sum of twenty-five Hundred Dollars for the timber, and that the defendant Felker was to pay $1,000.00, and take the land. Said contract and agreement having been made on or about the 15th day of December 1929.

"That in carrying out said agreement and contract between the said P. H. Driskill and the defendant Marshall Felker, the defendant and Driskill agreed that the deed to said land should be taken in the name of P. H. Driskill, and conveyed to the defendant; that the said Driskill executed to the defendant a deed to the land in question, that at the time said deed of conveyance was made it was agreed upon by the said Driskill and defendant that vendor's lien notes in the sum of $2,500.00 were to be executed by the defendant Felker, but it was expressly agreed that the said notes were to be paid by the said Driskill and was not to be an obligation of this defendant; that in pursuance of said contract and agreement the defendant herein, paid $1,000.00 as he had agreed to pay and executed the notes for $2,500.00. That it was the agreement and understanding that no obligation was to be assumed by the defendant as to the payment of said notes, but it was understood and agreed that the notes were to be paid by said

Bartlett & Bartlett and B. F. Whitworth, all of Linden, for plaintiff in error.

Lane & Lane, of Marshall, and C. R. Newland, of Linden, for defendants in error.

HIGGINS, Justice.

W. M. Thomas brought this suit against Marshall L. Felker to recover upon two negotiable promissory notes dated December 16, 1929, payable to the order of P. H. Driskill, secured by vendor's lien upon land. Felker answered setting up that he was an accommodation maker of the notes for Driskill, and that Thomas was not a holder in due course. He impleaded Driskill and asked for judgment over against him. General demurrers to the answer and

Driskill and the said Driskill promised to pay said notes. * * *

"Further answering herein the defendant would show that the plaintiff herein, was at the time of the execution of said notes aforesaid, a partner in the Driskill Lumber Company, operated and partly owned by the said P. H. Driskill, and that he was fully cognizant of all the facts with regard to said contract and agreement between Driskill and the defendant Felker, and had due notice, that the notes sued upon while signed by the defendant was the obligation of the said P. H. Driskill, and took said notes subject to the defense urged herein against P. H. Driskill, that said notes were not bought by plaintiff Thomas in due course and were transferred to him with knowledge and notice on his part that said notes were to be paid by Driskill and not by this defendant, that at all times the plaintiff Thomas had notice that said notes were to be paid by the said P. H. Driskill. * * *

"This defendant would show to the Court that at the time he executed and signed the notes herein sued upon he did so at the special instance and request of the defendant P. H. Driskill; that this defendant signed said notes as a favor to said Driskill and for the express purpose of said Driskill negotiating and selling said notes to obtain money for the sole use and benefit of the defendant P. H. Driskill; that this defendant received nothing of value for the signing of said notes and received no consideration therefor; that this defendant was an accommodation maker and signer of said notes for the benefit of the defendant P. H. Driskill and said P. H. Driskill did then and there promise this defendant that he, the said Driskill, would take care of and pay said notes at their maturity, all of which was well known to the plaintiff, W. M. Thomas, at the time of the alleged sale of said notes to said W. M. Thomas by the said P. H. Driskill.

"This defendant would further show to the Court that at the time of the signing by him and execution by him of the notes herein sued upon that he received nothing of value in consideration of the execution of said notes; that said notes were executed by this defendant as an accommodation to the defendant P. H. Driskill, at the special instance and request of said P. H. Driskill, who assured this defendant, that he, P. H. Driskill, would sell said notes, and take care of and pay them at

maturity; there was no consideration for the execution of said notes and therefore this defendant says that there was a total lack and failure of consideration for the execution of said notes, of all of which the defendant P. H. Driskill and plaintiff W. M. Thomas had notice. * * *"

There are also allegations attempting to set up fraud in avoidance of the notes based upon alleged promise of Driskill to pay the notes as they matured, and his failure to do so. These allegations are insufficient to show fraud. They are referable to the accommodation nature of Felker's execution of the notes and Driskill's failure to protect the liability assumed by Felker. The allegations show simply a breach of Driskill's agreement to pay the notes.

## Opinion.

Under the Negotiable Instruments Act an accommodation party "is one who has signed the instrument * * * without receiving value therefor, and for the purpose of lending his name to some other person." Article 5933, § 29 (Vernon's Ann. Civ. St.).

In behalf of the defendants in error it is insisted the answer and cross-action show Felker has received the land as consideration for the notes wherefore he has received value; for which reason he cannot be considered an accommodation maker; also that the matters pleaded involve violation of the parol evidence rule.

The Negotiable Instruments Act in the section cited above, with reference to the rights of a holder of accommodation paper against the accommodating party, also provides that: "Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

The answer alleges Thomas was not a holder in due course; that he acquired the notes knowing they were without consideration and executed for the accommodation of Driskill.

■ No consideration moving to the accommodating party is necessary to uphold accommodation paper. 8 C. J. p. 255, § 403.

■ The definition of accommodation party quoted above so implies; so the allegations that Thomas acquired the notes knowing that they were executed without

consideration, for the accommodation of Driskill, presents no defense. 8 C. J. Title Bills and Notes, §§ 410 and 412.

■ Nor is the answer aided by the allegation that Thomas did not acquire the notes in due course. One may acquire notes for value and yet all conditions may not exist which would make him a holder in due course. The answer does not allege that Thomas did not take the notes for value, for which reason no defense was shown to the suit of Thomas upon the notes.

■ But the court erred in sustaining the demurrer of Driskill to the 'cross-action. As stated above, defendants in error contend Felker is not to be regarded as an accommodation maker because it appears he received value. The words "without receiving value therefor" are somewhat misleading. In this connection we quote from Morris County Brick Co. v. Austin, 79 N. J. Law, 273, 75 A. 550, 551: "This language has been criticised by Dean Ames, 14 Harvard Law Review, 248; and, if it must be construed to mean that one who loans his name to another upon a negotiable instrument and receives payment for the accommodation loses as to that person the right of an accommodation party, it would be subject to very just criticism, since such a construction would deprive an accommodation maker of his rights, as against the person accommodated, if he had received any consideration, however slight. A careful reading of the section shows that this construction is not necessary. The words are not 'without receiving value,' but 'without receiving value therefor.' The structure of the sentence is such that the last word can only refer to the negotiable instrument itself, not to the loan of the name by way of accommodation. This view was suggested by Mr. McKeehan in 41 American Law Register, 499, 561 (reprinted in Brannan on the Negotiable Instruments Act, at page 133)."

In Carr v. Wainwright (C. C. A.) 43 F.(2d) 507, 508, it was said:

"If this section means that a person who loans his name to another and receives any consideration, however slight, for doing so, loses, as to that person, the right of an accommodation party, the language is unhappily chosen and is subject to just criticism. * * *

"The word 'instrument' is the natural antecedent of the word 'therefor.' It either refers to instrument or 'one who has signed—as maker, drawer, acceptor or endorser.' If the words, 'without receiving value therefor' do not refer to the 'instrument,' they refer to indorsement, but the word 'indorsement' is not used in this section, and the words 'for the loan of his name' are not used antecedently to the word 'therefor.' If 'instrument' is not the antecedent of 'therefor,' there is no single word that is, and, in order to make out an antecedent, words must be supplied in stating exactly what the antecedent is. It therefore seems that both reason and authority justify the conclusion that the words 'without receiving value therefor' mean without receiving value for the instrument, and not for the endorsement."

■ The allegations show the land was conveyed to Felker and the notes executed by him for the accommodation of Driskill in carrying out a more comprehensive agreement and transaction, which was not attempted to be expressed in writing, whereby the land and pole timber thereon were to be acquired by Felker for $1,000 cash, and the growing pine timber on the land was to be acquired by Driskill for $2,500. It was permissible to show this parol agreement relating to the more comprehensive transaction; that the deed and notes were executed in carrying out such agreement; and that such notes were executed for the accommodation of Driskill. To so show would not be inconsistent with the parol evidence rule.

17 Tex. Jur., Title, Evidence, § 366, and cases cited in notes.

When the whole agreement is considered it appears that Felker was not to receive value for the notes, and his execution thereof was purely as an accommodation maker. The only way Felker could receive value for the notes would be for Driskill to repudiate his obligation to take the pine timber and leave it upon the land as the property of Felker.

The cases cited by defendants in error are inapplicable. In such cases the parties claiming to be accommodation makers were held to have received value for the instruments as distinguished from the lending of their names.

■ We conclude the allegations show Felker to be an accommodation maker; such being his status, Felker had the right to recover over against Driskill. The relation between the parties was that of principal and surety. The law implied a contract on the part of Driskill to indem-

nify Felker against loss. 8 C. J. pp. 269, 270.

The judgment in favor of Thomas is affirmed; the judgment in favor of Driskill is reversed and the cause remanded for trial of the cross-action upon its merits.

Affirmed in part; reversed and remanded in part.