THE FINANCE DISCOUNT CORPORATION *v.* PAUL P. HURWITZ ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued February 19—decided April 15, 1952

*Bertrand B. Salzman,* with whom were *Morris Apter* and, on the brief, *Milton Nahum,* for the appellant (plaintiff).

*Milton W. Horwitz,* with whom were *Hyman Holtman* and, on the brief, *Thomas F. McDonough,* for the appellees (defendants).

JENNINGS, J. The defendants interposed a defense of usury to a suit on a promissory note and had a verdict. The plaintiff has appealed from the denial of a motion to set it aside and from the judgment.

The jury reasonably could have found the following facts: On February 26, 1946, the defendant Joseph Rosenblatt was engaged in the business of repairing furniture in Hartford under the name of Custom Made Upholstering Company. Paul P. Hurwitz was a used-car salesman. He and Rosenblatt were friends and had engaged in a long series of business transactions the purpose of which was to secure money or credit for one or the other.

Gertrude J. Berman, operating as the Retailers Budget Bureau, was engaged in the business of discount-

ing notes given retailers by customers in payment for merchandise or services. The normal transaction was instituted by the filing of an application for credit by the customer followed by an investigation; the instalment note signed by the customer was then indorsed with or without recourse by the retailer and delivered, with an invoice describing the merchandise or services, to the bureau. The bureau thereupon paid to the retailer the amount of the note less a discount of 15 per cent on notes payable ten to twelve months after date, 12.5 per cent on notes payable seven to nine months after date, and 10 per cent on notes payable six months or less after date. It notified the customer that it had purchased the note and sent him a book listing the payments due. Thereafter, the customer made the payments either at the bureau or at the store of the retailer, as directed by the notice.

There was no claim that there was anything improper or illegal about these transactions when conducted in good faith in this manner. It was undisputed that a note could be sold like any other personal property and that its discount for an amount affording interest at a rate greater than the rate allowed under the usury statute (General Statutes § 6779) does not contravene that statute. *Belden* v. *Lamb*, 17 Conn. 441, 452. The controversy between the parties was whether the transaction in question was a bona fide sale of the note in suit as claimed by the plaintiff or whether it was a loan from the bureau to Rosenblatt on the signature of Hurwitz as accommodation maker as claimed by the defendants.

The jury, in response to an interrogatory, found the transaction to be a loan. They reasonably could have found the following additional facts and inferences, among others, to support this conclusion: Rosenblatt's business with the bureau was extensive. His transac-

tions were of two types: (1) on behalf of regular customers and (2) with the help of persons whom he called "constituents." The latter were persons of little or no financial responsibility to whom he had sold no merchandise and for whom he had performed no services. They gave him the use of their names to enable him to borrow money from the bureau and others. The bureau knew that notes signed by constituents, including Hurwitz, were not legitimate and were devised as a scheme to evade the usury statutes. The note in suit was of the latter type. No merchandise or services were furnished to Hurwitz. He signed the note as an accommodation to enable Rosenblatt to borrow money from the bureau. The invoice supposed to describe the merchandise furnished Hurwitz was made out in the bureau and was not based on facts. Rosenblatt could not read or write except to sign his name. The note in suit, with others, was assigned to the plaintiff corporation, also controlled by Gertrude J. Berman, for value, but there was no claim that the plaintiff stood in any better position than the bureau. The jury reasonably could have concluded that the transaction was a usurious loan evidenced by the note in suit, in violation of § 6779 of the General Statutes. There was no error in denying the motion to set aside the verdict as against the evidence.

The above statement of facts sufficiently sets forth the claims of proof of the parties. The plaintiff's claims of law which it seeks to have added to the finding are considered below. The minor corrections in the finding sought by it either cannot be made or would not change the result. The plaintiff, of course, claimed that the note in suit was handled in the usual way and that it was purchased in the ordinary course of business.

In its appeal from the judgment the plaintiff first

attacks in various ways the refusal of the trial court to distinguish between the liability of Hurwitz and that of Rosenblatt and specifically its refusal to charge that Hurwitz should be held if he signed for the accommodation of Rosenblatt and had no part in the usury transaction. The statute, which determines the plaintiff's right of action, is plain. It provides that no action shall be brought on any usurious loan or "upon any cause arising from the negotiation of such loan." General Statutes § 6783. The plaintiff admitted that if the transaction was a loan the interest charged was greater than was allowed by § 6779 of the General Statutes and so was usurious. The jury found the transaction to be a loan. The requests to charge assume that Hurwitz was an accommodation party to the note. It follows that the plaintiff could not prevail in an action thereon against him. *Contino* v. *Turello,* 101 Conn. 555, 561, 126 A. 725; *Gruber* v. *Klein,* 102 Conn. 34, 37, 127 A. 907. There is a dictum in the two reports of *Baggish* v. *Offengand,* 97 Conn. 312, 320, 116 A. 614, 99 Conn. 683, 686, 122 A. 790, to the effect that an indorser of a usurious note cannot avail himself of the defense of usury predicated upon agreement between the maker and payee to which he is not a party and by which he is not injured. General Statutes, § 6783 (then General Statutes, Rev. 1918, § 4802), was not relied on in the defendant's briefs in that case. 237 Rec. & Briefs 63; 260 Rec. & Briefs 12. The statement was disapproved in *Gruber* v. *Klein,* supra, as far as an accommodation indorser is concerned. It is now expressly overruled insofar as it applies to an accommodation maker. The statute makes no distinction between the rights of an accommodation party who has participated in the usurious transaction and one who has not. As stated above, it provides that "[n]o action shall be brought" on a usurious loan. Even in

the absence of a statute similar to § 6783, it is generally held that an accommodation party like Hurwitz can rely on the defense of usury. See *Fields* v. *Gorham,* 4 Day 251, 256; *Townsend* v. *Bush,* 1 Conn. 260, 265; *National Bank* v. *Lewis,* 75 N. Y. 516, 523; 6 Williston, Contracts (Rev. Ed.) § 1682A; 6 Corbin, Contracts, § 1507; Beutel's Brannan, Negotiable Instruments Law (7th Ed.) p. 575; 10 C. J. S. 1109.

The plaintiff's claims that the bureau was a holder in due course and that the defendants had waived any defense to the contrary were decided against it as a matter of fact when the jury found, in answer to the interrogatory, that the transaction was a loan from the bureau to Rosenblatt.

The plaintiff has assigned error because of the failure of the trial court to add three additional interrogatories to the one submitted. These inquired, in effect, whether the transaction was handled by the plaintiff in the regular course of business and without knowledge of any irregularities. These additional interrogatories added nothing to the one submitted. The record was long and the evidence complicated. The trial court exercised its wide discretion wisely in limiting the interrogatories as it did. *Rogoff* v. *Southern New England Contractors Supply Co.,* 129 Conn. 687, 693, 31 A. 2d 29.

Finally, error is assigned in a comment made by the court upon the evidence. Such comment is discretionary and examination of the record does not show that that discretion was abused. *Corriveau* v. *Associated Realty Corporation,* 122 Conn. 253, 256, 188 A. 436.

There is no error.

In this opinion the other judges concurred.