ALLAN P. WALCOTT *v.* ELTON R. SKILTON

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued December 4, 1952—decided January 20, 1953

*Thomas F. Wall,* for the appellant (defendant).

*Walter W. Smyth,* for the appellee (plaintiff).

JENNINGS, J. This was a suit to recover the balance claimed to be due on three promissory notes. The defense was usury. Judgment was for the plaintiff. The defendant has appealed. Since the attack on the finding must fail, the question is whether the subordinate facts support the conclusions reached.

The complaint is in three counts. The defendant raises no question as to the first other than a small

error in computation on which he apparently does not insist. The notes on which the other two counts are based are in the form usual in the financing of automobiles.

The finding, supplemented by the exhibits made a part thereof, describes the situation as follows: The plaintiff is in the automobile financing business. He had filed his schedule of finance charges with the bank commissioner. The defendant sold automobiles and financed the sales with the plaintiff. In the transactions covered by counts two and three, the purchasers of the cars signed conditional sales agreements with the defendant and gave him promissory notes for the balance due on the sales of the cars. It was not disputed that the finance charges reserved in the notes required payments in excess of 12 per cent per annum. The notes and bills of sale were assigned by the defendant to the plaintiff, the notes with recourse. In both cases there was a default in payments on the notes and the defendant repossessed the cars. The plaintiff at no time intended or attempted to evade the statutes relating to usury. On these facts the trial court concluded that the several transactions were not usurious and gave judgment for the plaintiff.

It is the position of the defendant that, although he does not claim that there was any scheme to avoid the usury statutes (General Statutes §§ 6779, 6780, 6783), the facts establish a relationship of lender and borrower "among the parties" and therefore the whole transaction was tainted with usury. We are concerned with the relationship between the plaintiff and the defendant. This type of business is recognized by statute. General Statutes §§ 5963-5968. The plaintiff complied with the statutory requirements at least to the extent of filing his schedule of

charges with the bank commissioner. General Statutes, Cum. Sup. 1951, § 1175b. We take judicial notice of the fact that many sales of automobiles are financed in this way. The transactions between the plaintiff and the defendant were, on the finding and the admission that there was no scheme to avoid the usury statutes, sales of the notes and the conditional sales contracts. As such they could not be usurious. *Belden* v. *Lamb,* 17 Conn. 441, 452; *Finance Discount Corporation* v. *Hurwitz,* 138 Conn. 636, 638, 88 A.2d 385. To hold otherwise would invalidate contracts running into millions of dollars. The trial court's conclusion that the transactions were not usurious must be sustained.

It is our understanding, from statements of counsel, from their stipulation in the appendix and from the stipulation filed in this court, that no substantial error in the amount of the judgment is claimed if the defendant fails to establish his special defense of usury.

There is no error.

In this opinion the other judges concurred.