[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff sues to recover unpaid principal, interest and collectible fees and costs due on a promissory note given to him by the defendant on December 31, 1985. The defendant is a practicing attorney specializing in pension planning and law related thereto. The plaintiff is his former father-in-law.
During 1982 and 1983 the defendant offered to the plaintiff the opportunity to participate in a limited partnership investment in certain Texas real estate. The first of three investments proved to be financially successful, and the plaintiff reaped a significant profit. The remaining two investments, because of a downslide in the Texas economy, were unrewarding, and the plaintiff stood to lose all that he had contributed and more.[1]
The plaintiff, who was subsisting with his wife on retirement income, complained to the defendant about his losses on the investments and future exposure. It was at this point in 1985 that the defendant, in part at the urging of his then-wife and to appease his father-in-law, paid to the latter the sum of $5000 and executed and provided to him the promissory note on which he, the plaintiff, now sues. Curiously, the note is in the principal amount of $20,000, which amount together with the $5000 payment is four times the amount of the plaintiff's failed investment. Strangely as well, the note was given to the plaintiff at a time when the defendant urges the court to conclude that the investment was by then a failure, with no expectation that circumstances would change for the better.
The note provides for eight annual payments of $2500 each together with interest, the first payment being due in 1986 and the last on December 31, 1993. The defendant paid the first two installments, the second payment being accompanied by a signed cover letter, dated July 29, 1988 (Pl. Exh. 5). That date was more than two and one-half years after purchase of the plaintiff's investment interest and delivery of the promissory CT Page 4770 note to him. The letter and three prior letters from the defendant (Pl. Exhs. 2, 3, 4) confirmed the sale and acquisition of the plaintiff's share in the limited partnership.
In 1989, when contacted by the plaintiff, the defendant informed him that the investment was worthless and he (the defendant) was in no position to make any further payment on the note. None was made.
During much of this period the plaintiff and his wife saw their daughter, the defendant, and the couple's children socially on almost a weekly basis. This relationship continued until sometime in 1992 when the defendant's wife sued for a dissolution of their marriage. It is noteworthy that the marriage was dissolved in 1995, the year the instant action was brought, after a bitter and fully contested hearing. The dissolution court's decision and rulings on postjudgment motions which were adverse to the defendant's ex-wife have only served to enhance the bitterness which exists, the plaintiff describing under oath his dislike of the defendant and similar, but more intensive, negative feelings held by the plaintiff's wife and daughter.
The plaintiff and the defendant saw each other only occasionally from 1992 to 1994. At no time during the entire period from May 1989 to August 1995 did the plaintiff ever speak to the defendant about the promissory note and the plaintiff's wish to be paid the balancing owing. By letter, dated August 15, 1995, (Def. Exh. 1), plaintiff's attorney made formal demand of the defendant for full payment of the amount claimed to be due.
The plaintiff's complaint is in one count and sets forth an action in contract for recovery on terms of the promissory note.Hartford Federal Savings Loan Assn. v. Green,36 Conn. Sup. 506, 513 (1979). The defendant's answer admits execution of the note, that two installment payments were made, that the plaintiff made demand for the balance due, and that no further payments have been made. It is the defendant's position, despite the foregoing, that no sum is due and owing. He asserts lack of consideration, laches, and set-off by way of special defenses[2] and, additionally, seeks to bar recovery by application of the doctrine of equitable estoppel.
 I
It is axiomatic that a contract, to be enforceable, must be CT Page 4771 supported by consideration. "The doctrine of consideration is fundamental in the law of contracts, the general rule being that in the absence of consideration an executory promise is unenforceable." State National Bank v. Dick, 164 Conn. 523, 529
(1973). When, however, in a contractual context a benefit accrues to a promisor or a detriment to the recipient promisee, the contract is supported by consideration. Finlay v. Swirsky,103 Conn. 624, 631 (1925).
Generous though the defendant may have been in the amount he committed himself to pay, the court is not persuaded that his motive was eleemosynary. Payment of the amounts due during the first two years of the term along with the defendant's repeated acknowledgment in writing of acquisition of the plaintiff's investment interest, all in the wake of financial rewards and success attained in an earlier, similar-type investment, persuades the court of the defendant's belief that at least a potential benefit had been obtained.
The court finds that the parties by word and deed manifested their mutual assent to the exchange, thereby forming the contract; Ubysz v. DiPietro, 185 Conn. 47, 51 (1981); which contract, drawn by the defendant, was, at the time of inception, supported by valuable consideration. Gruber v. Klein,102 Conn. 34, 36 (1925).
 II
In order to prevail on his defense of laches, the defendant must establish two elements. "First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant. Kurzatkowski v. Kurzatkowski,142 Conn. 680, 685, 116 A.2d 906 (1955)." Giordano v. Giordano,39 Conn. App. 183, 213 (1995). Whatever support the evidence may lend toward establishing the required elements, the doctrine is inapplicable in the instant context, it being purely an equitable one which is not to be imputed to one such as the plaintiff, who has brought an action at law within the statutory period. A.Sangivanni Sons v. F.M. Floryan Co., 158 Conn. 467, 474
(1969); Giordano v. Giordano, supra, 214.
The defense of laches is inapposite and does not diminish the plaintiff's claim.
III CT Page 4772
The doctrine of equitable estoppel, although, as its name suggests, of equitable origin, has equal application to remedies available in courts of law. Boyce v. Allstate Ins. Co.,236 Conn. 375, 384 (1996). "Its office is . . . to show what equity and good conscience require, under the particular circumstances of the case . . . . Lebowitz v. McPike, 157 Conn. 235, 243,253 A.2d 1 (1968)." Boyce v. Allstate Ins. Co., supra.
"[T]here are two essential elements which must be established in order to find an estoppel: one party must do or say something that is intended or calculated to induce another into believing in the existence of certain facts and to act upon that belief, and the other party must actually change his position or do some act to his injury which he would otherwise not have done." JohnF. Epina Realty, Inc. v. Space Realty, Inc., 194 Conn. 71, 85
(1984); Middletown Commercial Associates Ltd. Partnership v.Middletown, 42 Conn. App. 426, 442 (1996).
The evidence does not establish the essential elements above described. There is no evidence that the plaintiff did or said anything deliberately to mislead the defendant or justify a belief that the former was willing to forgive and forget. What makes the plaintiff's conduct questionable is his silence and inaction for a long period of time leading the defendant to an erroneous interpretation thereof. It is quite likely that the plaintiff, when he took action, was at that time influenced by other incentives. Nonetheless, there is no evidence that the defendant changed his position or was caused to do anything other than what he would have been expected to do in any event; i.e., apply the unspent monies toward the payment of family necessities. The court finds that equitable estoppel is not a valid defense to the relief which is sought.
 IV
The plaintiff asks the court to enter judgment of $15,000 damages, representing the unpaid principal of the 1985 promissory note. Additionally, the plaintiff asks for an assessment of damages in the amount of $16,387.34. That sum represents simple interest of 12 percent per annum on unpaid principal for a period somewhat in excess of nine years. Further, the plaintiff asks for an award of attorney's fees in accordance with provisions of the note. CT Page 4773
It is generally accepted that language of a contract is "construed most strongly against the party whose language it is and for whose benefit it was inserted." Sturman v. Socha,191 Conn. 1, 9 (1983). That the defendant-drafter is himself a practicing attorney adds compelling force to the principle.Bridge-Mile Shoe Corporation v. Liggett Drug Co., 142 Conn. 313,318-19 (1955). In construing the contract, however, it is not just the language of the contract which should be examined, but it is also important to consider the situation of the parties and circumstances connected with the transaction. Foley v. HuntingtonCo., 42 Conn. App. 712, 730 (1996). In other words, the court should "consider not only the language used in the contract but also the circumstances surrounding the making of the contract, the motives of the parties and the purposes which they sought to accomplish." Harvey v. Daddona, 29 Conn. App. 369, 375 (1992). And in so doing the court presumes that the parties did not intend to create an absurd result, or one that is inequitable.Waesche v. Redevelopment Agency, 155 Conn. 44, 51 (1967); NewEngland Savings Bank v. FTN Properties Ltd. Partnership,32 Conn. App. 143-45 (1993).
As noted above, the plaintiff and the defendant were related by marriage. Their relationship was in all respects favorable both before and after delivery of the 1985 note. Even following the plaintiff's verbal demand for payment in May 1989 the relationship remained friendly and cordial, the parties interacting, as above described, on an almost weekly basis until at least 1992. The evidence discloses no reason why the parties might have anticipated in 1985 the antagonism that later developed.
The amount of the note, if paid, would have provided the plaintiff with a 400 percent return on his investment. Notwithstanding the generous profit that was promised, it is absurd to conclude that the defendant expected to be burdened with 12 percent interest payments for an extended period. The arrangement reached was an amicable one, made by parties who enjoyed a good relationship, and was intended to relieve the plaintiff of the risk assumed in making the investment. The circumstances do not support a conclusion that the defendant contemplated a long period of time to complete payment. Likewise, there is nothing in the evidence which would have precluded a reasonable assumption by the defendant that the plaintiff-promisee, after more than six years of silence and inaction, had abandoned any effort at collection. CT Page 4774
Interest that is expressly reserved in a contract is recoverable as a matter of right; 45 Am.Jur.2d, Interest and Usury, Sec. 35; and its allowance is not dependent on exercise of the court's discretion. Cf. Bertozzi v. McCarthy, 164 Conn. 463,467 (1973). The court construes the significant interest amount claimed, an amount which exceeds unpaid principal, as a claim for contractual damages stemming from post-maturity payment delay.
The law is clear, whether it be in a contract or tort context, that a party entitled to a damages award has a duty to make a reasonable effort to mitigate damages. Ann Howard'sApricots Restaurant, Inc. v. CHRO, 237 Conn. 209, 229 (1996). In this regard the court finds that the defendant has sustained his burden of proof. Ann Howard's Apricots Restaurant, Inc. v. CHRO,
supra; Newington v. General Sanitation Service Co., 196 Conn. 81,86 (1985).
The court finds that the defendant, in response to the plaintiff's demand, unequivocally notified the plaintiff in May 1989 that no further payments would be made on the note. At that point it was incumbent on the plaintiff "to exercise reasonable conduct to minimize the damages occasioned by the defendant's breach." West Haven Sound Development Corporation v. West Haven,201 Conn. 305, 332 (1986). Instead, the plaintiff did nothing and said nothing for six years and now asks that the court reward him for his inertia with a bloated award of interest damages. Reason, not to mention equitable considerations, militates against such an award. What this court will do, as it should do, is "measure damages as though [the plaintiff] had acted reasonably." Id.
The court finds that the plaintiff, had be expended reasonable efforts at collection, should have effected a mutually agreeable compromise of his claim or obtained judgment thereon, either result within a period of two years of maturity date.
 V
In accordance with this opinion, judgment may enter in favor of the plaintiff to recover of the defendant damages of $18,600, which amount includes interest at 12 percent per annum for two years[3] plus costs. Further, an order may enter for reasonable attorney's fees which the court finds to be $3500.
It is so ordered. CT Page 4775
Gaffney, J.