**WISEMAN GIN CO. et al. v. GOSSETT, Banking Com'r, et al.**

No. 4968.

Court of Civil Appeals of Texas. Amarillo.

Jan. 9, 1939.

Rehearing Denied Feb. 20, 1939.

Wiseman & Murray, of Floresville, for appellants.

R. H. Wallace, Birkhead, Beckman, Standard & Vance, Brooks, Napier, Brown & Matthews, and Church & Steger, all of San Antonio, for appellees.

FOLLEY, Justice.

This suit was instituted by the appellee Z. Gossett, Banking Commissioner of Texas, as receiver of the Commonwealth Bank & Trust Company of San Antonio, Texas, to recover upon three promissory notes aggregating approximately $16,000 executed by the Wiseman Gin Company, a corporation, payable to the order of the Commonwealth Bank & Trust Company, and pledged to the Reconstruction Finance Corporation as security for money loaned by it to the Commonwealth Bank & Trust Company. The litigation also involved the foreclosure of a deed of trust lien executed by W. R. Wiseman in favor of the Commonwealth Bank & Trust Company upon 792 acres of land owned by Wiseman in Wilson County, Texas, to secure the payment of the three notes. The Reconstruction Finance Corporation intervened in the suit to protect its interest in the litigation. The Wiseman Gin Company and W. R. Wiseman, its president, were defendants in the trial court. There were other defendants in the trial court but due to the disposition made of the cause they become immaterial herein.

The cause was tried before the court without a jury, and judgment was rendered in favor of the appellee Z. Gossett, as Banking Commissioner, but only for the benefit of the Reconstruction Finance Corporation, for the amount of the debt against the Wiseman Gin Company and for foreclosure of the lien against W. R. Wiseman and others not necessary to mention.

The appellant W. R. Wiseman asserts that the lien herein involved was unenforceable as against him because such lien was given by him merely as an accommodation to the Commonwealth Bank & Trust Company and was unsupported by a consideration. There is no statement of facts in the record. The trial court, however, has filed findings of fact and conclusions of law. In order to determine the merits of the contention made by the appellant it will be necessary to here state such findings and conclusions of the trial court as are pertinent to the issues raised.

From such findings we learn that in October, 1931, the Commonwealth Bank & Trust Company, a Texas corporation, suspended business and its affairs were taken over by the Banking Commissioner of Texas; that at the time of the closing of such bank the above notes of the Wiseman Gin Company were included in the then unsecured assets of the bank; that also at the time, among the assets of such bank, was the note of J. S. Mitchell Company, and Jess S. Mitchell, individually, in the sum of $10,428.35, secured by the guaranty of one Hugo Kott, father-in-law of Jess S. Mitchell; that in December, 1931 W. R. Wiseman, who was also president of the Commonwealth Bank & Trust Company, and Hugo Kott, its vice president, at the suggestion of the liquidating agent of the bank, entered into an oral agreement for the purpose of placing the assets of the bank in better condition; that pursuant to such agreement Wiseman undertook to give satisfactory security for the indebtedness of the Wiseman Gin Company and Kott undertook to give satisfactory security for the Mitchell note; that thereupon the bank was reopened and remained a going concern until July 2, 1934, when it was again closed by the Banking Commissioner; that at all times thereafter the assets of the bank remained in the possession of such Banking Commissioner for purpose of liquidation; that all times up to July 2, 1934, the appellant W. R. Wiseman was president of the Commonwealth Bank & Trust Company and the owner of $74,000 par value of its capital stock; that up to the time of the trial Hugo Kott had not tendered any security to the bank for the Mitchell note; that on February 1, 1932, the Wiseman Gin Company executed and delivered to the bank three renewal notes, two for the sum of $5,175 each and the third for $5,876.52, all payable to the order of the bank on demand; that on April 14, 1932, W. R. Wiseman executed and

delivered to the bank his deed of trust in favor of L. B. Wiseman, trustee for the benefit of the bank, covering the 792 acres of land herein involved to secure the payment of the indebtedness of the Wiseman Gin Company as evidenced by the above named three notes; that on September 13, 1932, the Wiseman Gin Company, acting through its president, W. R. Wiseman, executed and delivered to the bank its three promissory notes dated September 1, 1932, each payable to the order of the bank six months after date, the first two in the sum of $5,356.09 and the third for $6,082.18; that contemporaneously with the execution of these notes the Wiseman Gin Company, acting by its president, and W. R. Wiseman individually, executed and delivered to the bank a renewal and extension agreement reciting the execution and delivery of the deed of trust on April 14, 1932, the creation of a valid deed of trust lien upon the property involved, and further reciting the fact that the three notes were then due and unpaid and that the Wiseman Gin Company desired to renew the lien; that the consideration for such extension agreement moving to W. R. Wiseman was the renewal of the three demand notes and the debt represented thereby, the acceptance by the bank of the three renewal notes dated September 1, 1932, and the original agreement with Hugo Kott above set out; that in consideration of the renewal and extension of the Wiseman Gin Company indebtedness by the bank, the appellant W. R. Wiseman in said extension agreement acknowledged that the lien on the real estate in Wilson County was a valid and subsisting lien; that at the time of the extension of the notes and lien the appellant W. R. Wiseman knew that Hugo Kott had not performed his oral agreement to secure the Mitchell note, but he was still relying thereon; that the appellant Wiseman made no assertion to the bank, or to any representative of the bank, at the time of the acceptance by it of the extension agreement and the renewal of the debt, that the lien was other than a valid and subsisting lien; that on September 1, 1932 the Wiseman Gin Company owed more than it could pay and was considered a poor credit risk by the appellant W. R. Wiseman, as president of the bank; that the intervener, Reconstruction Finance Corporation, had no notice of any defense to the notes or the lien at the time it accepted such notes as collateral security on December 23, 1932; that on March 28, 1932, the bank made ap-plication to the Reconstruction Finance Corporation for a loan of $250,000; that on April 26, 1932 said loan was disbursed to the bank in the amount of $172,843.60, in evidence of which the intervener, Reconstruction Finance Corporation, received the note of the bank, executed by the appellant W. R. Wiseman as its president, in the sum of $200,000, bearing an endorsement showing the actual amount disbursed to the bank; that in consideration of such loan the bank pledged to the Reconstruction Finance Corporation certain collaterals to secure the payment of such note and any and all other indebtedness of said bank due or to become due to the Reconstruction Finance Corporation; that on November 20, 1932 the bank, by its vice president, executed and delivered to the Reconstruction Finance Corporation its application for withdrawal of $6,400.90 cash collateral and pledged in substitution therefor the three Wiseman Gin Company notes dated September 1, 1932, maturing March 1, 1933, together with the lien securing the same; that pursuant thereto the Reconstruction Finance Corporation disbursed to the bank the sum of $5,353.63 cash collateral then held by the Reconstruction Finance Corporation; that subsequent thereto other disbursements were made to the bank by the Reconstruction Finance Corporation; that on March 27, 1935, the bank owed the Reconstruction Finance Corporation the sum of $296,770.96; that on July 2, 1934 the Banking Commissioner of Texas took charge of such bank, and on. March 19, 1935 made application to the Reconstruction Finance Corporation for a loan in the amount of $876,200, the proceeds to be used to pay the lawful demands against the bank; that pursuant to such loan application the Banking Commissioner executed his note in the sum of $876,200, upon which the Reconstruction Finance Corporation disbursed the sum of $754,540.21 inclusive of all the prior indebtedness of the bank; that the Reconstruction Finance Corporation is the present owner of the balance due upon such indebtedness in the total amount of $547,537.11 principal and $1,372.-24 interest; that as security for the debt the Banking Commissioner on March 27, 1935 pledged and delivered to the Reconstruction Finance Corporation all the assets of the bank; that since April 26, 1932, there has never been a time when the Commonwealth Bank & Trust Company has not been indebted to the Reconstruction Finance Corporation in a substantial amount;

that since the date of the disbursement of the $754,540.21 to the bank by the Reconstruction Finance Corporation, up to the time of the trial, the collateral held by the Reconstruction Finance Corporation was insufficient to discharge the indebtedness due by the Commonwealth Bank & Trust Company; and that W. R. Wiseman had no knowledge of the substitution of the three Wiseman Gin Company notes as collateral security to the Reconstruction Finance Corporation until about sixty days after such substitution was actually made, but that he did then learn thereof and that he did not inform the Reconstruction Finance Corporation of any defense to the notes or the lien in question until after March 27, 1935, the date the money upon the last loan application was disbursed.

From the above findings the trial court concluded that the renewal of the three demand notes and the debt represented thereby, and the acceptance by the bank of the renewal notes dated September 1, 1932, constituted an adequate consideration moving to the appellant W. R. Wiseman to support the extension agreement and the judgment rendered foreclosing the lien. He further concluded that the rights of the Reconstruction Finance Corporation were superior to those of the Banking Commissioner of Texas, and that the Reconstruction Finance Corporation · was entitled to the proceeds of the sale of the land involved for application upon the debt due it from the Commonwealth Bank & Trust Company.

■ Although the trial court made no express finding on the question of estoppel, it is our opinion that the above findings constitute an estoppel in law over which the appellant Wiseman cannot successfully assert the defenses urged by him. The pleadings of both the Banking Commissioner and the Reconstruction Finance Corporation raise the question of estoppel. It is evident from the facts found that soon after the Wiseman Gin Company notes and the lien were pledged to the Reconstruction Finance Corporation in 1932, W. R. Wiseman learned of this fact. Notwithstanding such knowledge and the fact that additional loans were thereafter made by the Reconstruction Finance Corporation to the bank of which the appellant was president, such benefits were accepted without his informing the Reconstruction Finance Corporation of his alleged defense to the lien involved. We think it also a reasonable deduction from the above findings that had it not been for the agreement made in December 1931 as to the execution of the lien in question, the bank would not have been permitted to open its doors by the Banking Commissioner of Texas. For more than two years the bank was allowed to remain. open as a banking institution with the notes and lien herein involved listed among its assets. Of this fact the appellant Wiseman was fully cognizant. Under a similar state of facts in the case of Brand, Banking Com'r v. Korth, 128 Tex. 488, 99 S.W.2d 285, 287, Judge German, speaking for the Commission of Appeals of Texas, said: "Defendants having placed this note in the possession of the bank and having permitted it to retain same for more than five years with all the indicia of rights of full ownership, during which time creditors and depositors dealt with the bank on the faith of its solvency, he is estopped to deny liability as against the Banking Commissioner in his capacity as representative of the depositors and creditors. But for the presence of this note as an apparent asset of the bank it might have been placed in liquidation long before it was actually declared insolvent. In this instance we have, furthermore, conclusive proof that third parties extended credit to the bank in reliance on the note. It is undisputed that at one time this note was assigned to the Hanover National Bank of New York. Defendant knew this and protested. Nevertheless he allowed it to remain with the bank more than two years thereafter. If he had desired to protect himself, he could then probably have taken action successfully to obtain the note or to avoid its obligation."

■ In the absence of a statement of facts, and in view of the above findings, we feel unauthorized to disturb the conclusion of the trial court to the effect that, although there was a partial failure of consideration for the renewal notes and extension agreement by reason of the default of Hugo Kott, still there remained an adequate consideration moving to W. R. Wiseman to support the extension agreement and the judgment rendered thereon. Commonwealth National Bank of Dallas v. Goldstein et al., Tex.Civ.App., 261 S.W. 538.

The judgment is affirmed.