## WHITESBORO NAT. BANK v. WELLS.
### No. 4368.

Court of Civil Appeals of Texas. El Paso.
May 25, 1944.

Rehearing Denied June 22, 1944.

Application for Writ of Error Granted
Oct. 4, 1944.

Jesse F. Holt, of Sherman, for appellant.

Olan R. Van Zandt, of Tioga, for appellee.

SUTTON, Justice.

This appeal is from a judgment of the 15th District Court of Grayson County.

Other matters were originally involved in the suit, but this appeal has to do with the judgment denying recovery on a $2500 note only. The trial was to the court and jury and on the verdict of the jury judgment was rendered in favor of the defendant, Mrs. Wells, from which this appeal is prosecuted.

The original petition was the stereotyped form to recover on a plain, unsecured note. The defendant answered, among other things, that she executed the note without consideration and for the accommodation of the plaintiff Bank and at the instance and request of its president and upon the agreement it would be held temporarily for the purpose of accommodating plaintiff and upon the completion of arrangements, the nature of which were not made known to her and for some benefit not known to her, it would be returned.

To the answer setting up failure of consideration and the accommodation character of the note, the plaintiff replied with a trial amendment, denying all such allegations; alleging that as a part of the same transaction, or in connection therewith, the defendant received the personal note of the president of the bank in the sum of $2500 with security and still had the same and collecting thereon through the estate of the president; that she knew the purpose for which said note was executed and permitted it to be placed among and remain among the assets of the bank as an apparent asset, and included in statements of the bank and to be acted on by the depositors and creditors and bank examiners and is estopped from denying liability thereon.

Pertinent to the questions presented here, the jury found Mrs. Wells did not know the note was to be used as an apparent asset, or to be used to cover shortages; that it was placed among the assets of the bank and was relied upon by the bank examiners and others interested in the bank; that she received nothing of value for the note; that she did not know the bank was in a failing condition.

The position of the bank is the note, under the facts, was executed for value and is, therefore, not accommodation paper, but if it is, Mrs. Wells is estopped to deny liability thereon because the bank, when the suit was brought, was in the course of liquidation.

Much of the case developed somewhat incidentally and collaterally. It is nowhere pleaded the bank is insolvent and in the process of liquidation, nor that there are creditors of the bank, or that it is indebted to anyone. Neither is there proof of any unsatisfied claims against the bank.

Mrs. Wells testified the president of the bank called her one Saturday afternoon and asked to see her; that he came to her house and requested a loan of $2500, saying he was expecting the bank examiners and needed that much money; she told him she didn't have that much money but would make it possible for him to get it. He produced the $2500 note sued on, dated May 6, 1939, due on demand, and she signed it. He did not say he wanted it for himself but because the examiners were coming. He told her the note would be returned soon. No demand was ever made for payment until after the president died. She further testified near the middle of the next week the president came to her with his personal note and some stock in the bank and delivered them to her. The note was for $2500 and bore the same date of her note, May 6, 1939, and due on demand. He handed it to her and said that was for her and she wouldn't have to worry about the $2500. She didn't examine it until after the suit was filed. She received nothing for the execution of the note to the bank. It was admitted she had filed a claim on the note received by her against the estate of the deceased maker and had received thereon at the time of the trial $575.

It developed in the course of taking the testimony the plaintiff bank was in strained circumstances; that a reorganization took place in April, 1940, and it was superseded by a new corporation, the Security National Bank of Whitesboro; that certain notes were charged off in the approximate sum of $60,000; the new institution took over certain of the assets of the old, the plaintiff bank retained some, including the note sued on, and the Reconstruction Finance Corporation took a part; that the bank recouped $18,000 out of insurance, $10,000 of which was on the life of the deceased president, and $8,000 out of a policy covering $26,000 in claims of which the $2,500 was a part; that the bank was never in the hands of the Treasury Department, but the liquidation a voluntary one.

A bank in its own right cannot recover on paper of which it is accommodation payee. Commercial State Bank v. Ellington, Tex.Com.App., 24 S.W.2d 359; Central Nat. Bank v. Lawson, Tex.Com. App., 27 S.W.2d 125.

Cases holding that the Banking Commissioner or Receiver may recover on such paper, in our opinion, neither expressly nor impliedly overrule the two cases above cited on this proposition. That the bank is in the course of voluntary liquidation, we do not think would change the rule. The liquidating agent is selected by the stock-

holders of the bank and is their agent. 12 U.S.C.A. § 181.

Such liquidating agent is not vested with the right of creditors. 12 U.S.C.A. § 65.

■ A voluntary liquidation does not import insolvency. First Nat. Bank v. Nichols, 294 Mass. 173, 200 N.E. 869.

The plaintiff relies upon the case of Brand, Banking Commissioner v. Korth, 128 Tex. 488, 99 S.W.2d 285, very strongly, and the cases there cited, Shaw, Commissioner, v. Borchers, Tex.Com.App., 46 S.W. 2d 967; First National Bank of Tulsa v. Boxley, 129 Okl. 159, 264 P. 184, 64 A.L.R. 588; German-American, etc., v. Merchants' & Manufacturers' State Bank, 177 Minn. 529, 225 N.W. 891, 64 A.L.R. 582; Wiseman Gin Co. v. Gossett, Tex.Civ.App., 125 S.W.2d 334, 337; and Farmers State Bank v. Largent, Tex.Civ.App., 132 S.W.2d 482, 484. That the law announced in these cases is the law, cannot be questioned and the soundness thereof is perfectly apparent. Those cases, as we understand them, either imply or expressly disclose the existence of unsatisfied debts and creditors. The law is for the protection of the creditors and those who deal with the bank to their hurt and injury and not for the bank, a party to the transaction. As we understand those cases, it is not the naked fact the bank is in the hands of some liquidating agency concurring with the other necessary facts that works the estoppel, but the existence of unsatisfied debts of creditors concurring with the other essential facts. As said in the last case cited, Farmers State Bank v. Largent (error refused), supra:

"As a general rule, notes made payable to a bank for the sole purpose of concealing the true condition of the bank and of deceiving the bank examiner are without consideration and the bank, as a going concern, cannot recover thereon. (Citing authorities)

"The soundness of such a rule could not well be doubted where the original payee as a solvent going concern demands payment of the note, a situation where it is not conceivable that the rights of the depositors, creditors, etc., may have arisen. However, that is not the case before us. * * *" (Then follow the recitations of insolvency.)

■ We take it there can be no difference where there is a total lack of any showing of the existence of debts and creditors. We repeat, there is no allegation of insolvency or the existence of debts and creditors, nor any proof thereof in this record. In other words, there is no showing of any injury to anybody.

■ This record will no more justify the presumption there are unsatisfied creditors than it will the R.F.C. supplied funds sufficient to satisfy all claims in full. It is too elementary that injury must be plead and proved before a cause of action arises to require the citation of authorities. However, in substantiation of the proposition the rights of third parties must intervene and debts and creditors must be shown, we cite: Iglehart v. Todd, 203 Ind. 427, 178 N.E. 685, and cases cited, and First National Bank of Reedley v. Reed, 198 Cal. 252, 244 P. 368.

In our view of the case there is no estoppel established, and the sole remaining question is whether or not the note is accommodation paper.

■ As we understand the appellant concedes the note would be without consideration and an accommodation transaction except for the execution and delivery of the $2,500 note by the president, accompanied with the delivery of the two stock certificates. The time and manner of this has already been set out. All the facts disclosed are recited. There was no agreement or explanation of the purpose, except the president told Mrs. Wells she would not then have to worry about the $2,500. We regard this as no more than an indemnity or an undertaking to hold her harmless against any loss she might incur by reason of the execution of her note. The Bank has not been out any money or anything else by reason of the transaction. It has suffered no loss of any character, nor is there any showing or claim that anyone else has, unless it be the estate of the deceased president. The money she has collected came from that estate, and there is no intimation of any understanding between her and the estate, if any, concerning what may occur at the termination of all litigation growing out of the transactions that have transpired.

■■ There are other reasons why the note sued on may not be deprived of its accommodation character. It is said, 11 C.J.S., Bills and Notes, p. 298, § 742, subsec. c, that the character of the paper is not affected by the taking of security for the loan of his credit, and the proposition is supported by many very respectable authorities there cited, and that the accommo-

dation party must receive something else other than the mere chance of not losing if he be called upon to pay, citing First National Bank, etc., v. Boreing's Adm'x, 173 Ky. 327, 190 S.W. 1106. It has also been held, in construing Section 29 of the N.I.L., Vernon's Ann.Civ.St. art. 5933, that the value received within the meaning thereof, must precede or be contemporaneous with the obligation upon the note; otherwise the party would be an accommodation party when the note was given and would cease to be when the subsequent payment was made to him, Gruber v. Friedman, 102 Conn. 34, 127 A. 907, quoting Morris County Brick Co. v. Austin, 79 N.J. L. 273, 75 A. 550.

We conclude therefore, the trial court was not in error and the judgment is affirmed.